UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEVOI EASTERWOOD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHARNEA WALKER, D. FAVELA, C. ONTIVEROS,<br><br>　　　　Defendants. | Case No. 2:21-cv-01686-GMN-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: ECF No. 1-1 |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) and for purposes of screening his previously filed Complaint. ECF No. 1-1.

**I.     Background**

On September 13, 2021, Plaintiff, an inmate at Clark County Detention Center, filed an application to proceed *in forma pauperis* together with a Civil Rights Complaint under 42 U.S.C. § 1983. ECF Nos. 1, 1-1. The Court granted Plaintiff a one-time extension to file a fully complete application to proceed *in forma pauperis* containing all three of the required documents or, in the alternative, pay the $402 filing fee. ECF No. 3. On September 27, 2021, Plaintiff submitted a complete *in forma pauperis* application according to the Court's Order. ECF No. 4. Plaintiff's application to proceed *in forma pauperis* is granted.

**II.    Screening the Complaint**

Having granted Plaintiff's request to proceed *in forma pauperis*, the Court screens his Complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss all claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard

under § 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." To survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Nonetheless, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    Analysis of Plaintiff's Complaint**

A.    <u>Plaintiff's Claim Against Charnea Walker Fails Under 42 U.S.C. § 1983</u>.

Plaintiff attempts to bring a claim against Defendant Charnea Walker in her individual capacity for making a "false report and charges." ECF No. 1-1 at 2. In order to sue a private party for civil rights violations under Section 1983, a plaintiff must establish that the defendant was acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Plaintiff provides no additional information as to Walker's identity or role in the events surrounding his claim. ECF No. 1-1. Thus, Plaintiff fails to plead facts that establish Walker was acting under color of state law and Plaintiff's Section 1983 claim fails as a matter of law.

B. <u>Plaintiff Does Not State 42 U.S.C. 1983 Claims Against the Remaining Defendants</u>.

Plaintiff alleges he was falsely arrested for the destruction of property and an attempted home invasion, and that he is falsely imprisoned. *Id.* at 4. Plaintiff further alleges that the Defendant Officers named in the suit arrested him based on a false report by unnamed individuals who had his ID and were pretending to be him. *Id.* Plaintiff claims that he was not given his TCR—a crime report—until after he was charged. *Id.* at 6. As compensation "for time spent in jail pain and suffering and legal problems" Plaintiff requests $50,000 in damages. *Id.* at 9.

Even liberally construing Plaintiff's Complaint, the Court finds Plaintiff fails to state a claim against the remaining individual defendants. While Plaintiff generally describes the underlying circumstances that prompted him to file this lawsuit, he does not provide sufficient factual allegations for the Court to understand which legal claims he seeks to assert against which defendants.[1] Without additional factual allegations regarding the underlying dispute and the individual defendants' roles in the case, the Court has insufficient information to determine whether Plaintiff states claims against Officers Favela or Ontiveros.

## IV.   Order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 4) is GRANTED.

## V.   Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be granted **thirty (30) days** from the date of this Report and Recommendation to file an amended complaint. If Plaintiff chooses to file an amended complaint, the document **must** be titled "Amended Complaint" and must be complete in

---

[1] Plaintiff's second and third claims for Relief are respectively labeled "Pain and Suffering" and "Procedural Negligence." ECF No. 1-1 at 5-6. Liberally construed, the Court believes Plaintiff's second claim for relief is one for intentional infliction of emotional distress under state law and third claim for relief is a due process violation under the Fourteenth Amendment of the United States Constitution. However, the allegations are insufficient, even if accepted as true, to state claims for relief that are plausible on their face. Instead, Plaintiff asserts a legal conclusion that "if [the] officer[s] … [were] doing … there [sic] job[s] … [Plaintiff] would [not] be in jail and would still have all … [his] property." ECF No. 1-1 at 5; *see also id.* at 6.

and of itself. The Court cannot refer to Plaintiff's previous filing when assessing whether the amended complaint states claims upon which relief may be granted.

If Plaintiff files an amended complaint and wishes to assert claims against Defendant Charnea Walker he must include facts that demonstrate she was acting under the direction of the police or the state and not as a private citizen. That is, even if the Court assumes what Plaintiff alleges Defendant Walker's conduct is true, her actions give rise to a claim against a private citizen that must be asserted in state court, not a constitutional claim that can be asserted in federal court.

Further, if Plaintiff seeks to proceed against Officers Favela and Ontiveros, he must allege sufficient facts that support a recognizable violation of a constitutional right. Plaintiff may, **in addition** to asserting such a federal claim, assert state claims (such as intentional infliction of emotional distress) over which the Court can choose to assert supplemental jurisdiction. If Plaintiff asserts claims against private citizens and for violations of rights under state law only (such as emotional distress claims), it is likely that his claims will be dismissed.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file an Amended Complaint within **thirty (30)** days of the date of this Report and Recommendation, Plaintiff's Complaint be dismissed without prejudice.

Dated this 15th day of November, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).